UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MYRON PHILLIPS, | ) | Case No. 1:06 CV 1814 |
| | ) | |
| Petitioner, | ) | Judge Donald C. Nugent |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| JULIUS WILSON, WARDEN, | ) | (Regarding ECF #8) |
| | ) | |
| Respondent, | ) | Magistrate Judge James S. Gallas |
| | ) | |

Myron Phillips, a state prisoner following his October 18, *1995* plea-bargained conviction for murder with firearm specification, has belatedly filed for federal habeas corpus under 28 U.S.C. §2254 seeking to overturn this conviction and sentence. Previously in the state courts, Phillips unsuccessfully endeavored to exercise delayed appeal under Ohio R. App. P. 5(A) (Resp. Ex. G). The motion was denied initially but granted on reconsideration. (Resp. Ex. H. I). Phillips argued that he received ineffective assistance of trial counsel, that his plea was both unknowing and unintelligent, and, he raised related subarguments. These arguments were rejected and the conviction was affirmed on July 8, 1999. (See *State v. Phillips*, 1999 WL 475845 (Ohio App. Dist. July 8, 1999). Phillips waited nearly three months to appeal to the Ohio Supreme Court, and leave to file delayed appeal was denied on December 8, 1999. See *State v. Phillips*, 87 Ohio St.3d 1460, 720 N.E.2d 542 (Table 1999).

On March 20, 2000 Phillips filed an application to reopen his appeal under Ohio R. App. P. 26(B) alleging ineffective assistance of appellate counsel. This application was denied on November 13, 2000. See *State v. Phillips*, 2000 WL 1751847 (Ohio App. 8 Dist. Nov. 13, 2000). No appeal was taken to the Ohio Supreme Court.

1:06 CV 1814 2

Nearly five years later on August 15, 2005 Phillips returned to the state trial court with his Ohio Crim. R. 32.1 motion to withdraw his guilty plea. The motion to withdraw plea was denied by the trial court and on appeal (See Resp. Ex. T, U, V, W, X).

Phillips is now before this federal court on a petition dated July 24, 2006 seeking a writ of habeas corpus. Phillips raises the following two grounds for review under 28 U.S.C. § 2254:

> 1. Petitioner was denied effective assistance of counsel where his guilty plea was not knowingly, intelligently and voluntarily entered after counsel falsely informed him that no police reports or witnesses statements existed and when counsel threatened petitioner that they would not represent him in trial if continued to insist on his version of the events that led to his shooting and killing the victim.
>
> 2. Petitioner is actually innocent of the offense of murder and was denied effective assistance of counsel where his guilty plea was coerced.

*Untimeliness:*

Respondent vaguely argues the petition should be dismissed without review of its merits due to untimely filing for purposes of 28 U.S.C. §2244(d)(1)(A)'s "1-year period of limitation." It is respondent's position that Phillips' petition was untimely because the "1-year period of limitation" had lapsed. This limitation period runs from the latest of:

> (1) (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

1:06 CV 1814                                             3

>    (D) the date on which factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent appears to base the timely filing argument on §2244(d)(1), but in calculating "the date on which the judgment became final," or the tolling period under §2244(d)(2), Respondent appears to give Phillips the benefit of the doubt by considering the statute tolled through Phillips' Ohio R. App. P. 26(B) proceeding filed in 2000.[1]  This computes to February 12, 2001 (November 13, 2000 plus 90 days to file for *certiorari* plus an additional day since February 11, 2001 fell on a Sunday.  See *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*)(90 days from state supreme court's decision)).  Accordingly, Phillips had until February 12, 2002 to timely file his §2254 petition.

---

[1] "The AEDPA became effective on April 24, 1996. *Lindh v. Murphy,* 521 U.S. 320, 322, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Habeas corpus petitioners whose state convictions were concluded by direct review prior to the effective date of the AEDPA, are afforded a one-year grace period, until April 24, 1997, in which to file a § 2254 petition. *Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir.1999), *cert. denied,* 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000). This one-year grace period is tolled by any time spent pursuing properly filed state post-conviction or other collateral review proceedings. *Id.*" *Israfil v. Russell* 276 F.3d 768, 771 (6th Cir. 2001). Respondent does not acknowledge this grace period or whether the April 29, 1998 motion for delayed appeal impacted the running of the statute. (See Resp. Ex. G).  Actually, it would appear that the time had lapsed on April 24, 1997, but Respondent does not raise this argument.

1:06 CV 1814                                          4

Respondent argues that once this "1-year period" has run, it cannot be retriggered or restarted by delayed court review or a proceeding to reopen the appeal. The undersigned agrees, but finds this conclusion requires an explanation. Arguably, Phillips' Rule 32.1 motion to withdraw his guilty plea is part of Ohio's direct review process. There are two unreported decisions from the Sixth Circuit bearing on this topic. The first, *Wilberger v. Carter*, 35 Fed. Appx. 111 (6th Cir. Jan. 18, 2002), was ambiguous, but appeared to treat the motion to withdraw a guilty plea as a matter of tolling for purposes of §2244(d)(2), although the decision referred to §2244(d)(1) in its text. The second opinion is not ambiguous. In *Colwell v. Tanner*, the panel explained (in *dicta* because tolling rested on a simultaneous state post-conviction petition under §2244(d)(2)) :

> The parties dispute the date when the limitations period started, and consequently also the date when the limitations period ran. Colwell's appeal from the denial of his motion to withdraw the guilty plea is part of his underlying criminal case, and under 28 U.S.C. §2244(d)(1)(A), the limitations period does not begin to run until the direct review period ends.[1]
> Because the Ohio court of appeals did not reject Colwell's direct appeal of this motion until December 9, 1996, the one-year limitations period did not commence until that date.

---

[1] The Ohio Supreme Court has held that a postsentence motion to withdraw a guilty plea filed in the trial court, which is governed by Ohio Criminal Rule 32.1, "is not collateral but is filed in the underlying criminal case," and accordingly "it is not a 'collateral challenge to the validity of a *conviction or sentence*.'" *State v. Bush*, 96 Ohio St.3d 235, 773 N.E.2d 522, 526 (Ohio 2002) (quotation omitted). The appeal of the denial of such a motion is thus part of the direct review process.

*Id.*, 79 Fed. Appx. 89, 91 (6th Cir. Oct. 9, 1993), *cert. denied, sub nom, Colwell v. Collins*, 541 U.S. 974 (2004).

It is unlikely that this issue could lead to a vigorous debate as occurred over the treatment of Ohio R. App. P 26(B) applications, which was eventually resolved in *Lopez v. Wilson*, 426 F.3d

1:06 CV 1814                                                      5

339 (6th Cir. 2005) (*en banc*), *cert. denied*, 547 U.S. 1099 (2006). The Sixth Circuit in that opinion finally resolved the issue to conclude that Ohio R. App. P. 26(B) proceedings were collateral or post-conviction proceedings, as opposed to a part of the direct review process. Judge Moore, who authored the decision in *Colwell*, was one of the dissenting judges in *Lopez*. See *Id.*, 426 F.3d at 359-68. Even so, prior to *Lopez*, it was recognized that delay of direct review could not restart or retrigger the "1-year period" under either Ohio R. Civ. P 5(A) for delayed appeal or Ohio R. App. P. 26(B) for applications to reopen appeal once the statute had run. See *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (Ohio R. App P. 26(B)); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001); *Bronaugh v. Ohio*, 235 F.3d 280, 286-87 (6th Cir. 2001)("It is important to note that Bronaugh will not be able to benefit from his delay in bringing a Rule 26(B) application to reopen direct appeal by requesting that § 2244(d)(1)(A)'s one-year statute of limitations not begin until after his Rule 26(B) application has run its course through the courts. Instead, the statute of limitations is tolled only for that period of time in which the Rule 26(B) application is actually pending in the Ohio courts.")[2]; *Granger v. Hurt* 90 Fed. Appx. 97, 100, 2004 WL 162549 (6th Cir. 2004)("Rule 5(A) motions are treated as part of collateral review, *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir.2001)").

The overriding principle behind *Bronaugh*'s treatment of the Rule 26(B) application to reopen, when at that time it was perceived to be a part of the direct appeal, was expressed in *Searcy*,

---

[2] Note it was the statement in *Bronaugh* that Rule 26(B) applications were part of direct review which was overturned subsequently in *Lopez*.

1:06 CV 1814                                    6

which is to disallow manipulation of the state review process in order to circumvent the statute of limitations:

> In declining to find that the statute of limitations under AEDPA was "retriggered" by the denial of Searcy's motion for a delayed appeal, the district court relied on the rationale of a sister court from the Second Circuit:
>
> This is a position that we cannot endorse, because it would effectively eviscerate the AEDPA's statute of limitations. Leave to file a late notice of appeal can be sought at any time, even many years after conviction. If the one-year period of limitations did not begin to run until such an application for leave to appeal was denied, the one-year statute of limitations would be meaningless; merely by delaying his application for leave to file a late notice of appeal, a petitioner could indefinitely extend the time for seeking habeas relief. The statute of limitations provision of the AEDPA would thus be effectively eliminated, a clearly unacceptable result.
>
> *Raynor v. Dufrain,* 28 F.Supp.2d 896, 898 (S.D.N.Y.1998). We agree with this rationale and hold, as did the district court, that although the filing of the motion for a delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin running anew when the state court denied the motion

*Searcy v. Carter* 246 F.3d at 519.

There is nothing inconsistent with this overriding principle and *Colwell*, since in that opinion the court found that the simultaneous post-conviction motion had tolled the running of the "1-year period" for purposes of §2244(d)(2).[3]

---

[3]   Although *State v. Bush*, announced that Rule 32.1 motions were part of the direct review process. This procedure does not share the characteristics of state direct review procedures.  In *Lopez*, the panel approvingly cited the rationale from *Lambert v. Warden*, *Ross Correctional Institution*, 2003 WL 2271466 at *8 (6th Cir. Sept. 2, 2003), regarding the distinction between direct and collateral review explaining::
> Direct review immediately follows trial, generally is constrained by tight, non-waivable time limits, and concludes with finality of judgment.  Collateral review focuses [o]n the adequacy of the trial and direct review, rather than the underlying merits of the original action.  As such it necessarily follows direct review.  While some types of collateral review have time limits, these limits are generally looser and waivable for good cause.  Also while there is, with few exceptions, only one direct review process of a trial court verdict, there often can be multiple courses of collateral review.

1:06 CV 1814                                                    7

*Impediment to Filing:*

Phillips counters that the period of limitation commenced on "the date on which the impediment to filing an application created by State action in violation of the Constitution...is removed, if the applicant was prevented from filing by such state action" as provided under §2244(d)(1)(B). Phillips argues that the original court-appointed attorney and the absence of necessary documents from the original appellate record were impediments to his filing a petition for writ of habeas corpus for purposes of exception under §2244(d)(1)(B).§2254(d)(1)(B) is not a matter of equitable tolling, but delaying the onset of the "1-year period," under the rule itself.

See *Miller v. Collins*, 305 F.3d 491, 496 n. 6 (6th Cir. 2003); *Granger v. Hurt*, 90 Fed. Appx. 97, 99 (6th Cir. Jan. 23, 2004); *White v. Curtis*, 42 Fed. Appx. 698, 701 (6th Cir. July 26, 2002).

---

*Lopez*, 426 F.3d at 351.
     Proceedings under the part of Ohio Crim. R. 32.1 do not have time limits and are essentially an additional form of review collateral to appeal, but constrained to a narrow topic.

     Further, one of the characteristics of direct review is the right to counsel on the initial appeal as of right. The constitutional requirement that a defendant must have assistance of counsel in the state proceeding is an indicator that it is direct review. See *Lopez*, 426 F.3d at 352 (no federal constitutional right to counsel in collateral or post-conviction review). While the state is not required to provide appellate review in non-capital matters, when it does, it must muster up to constitutional requirements for defendant. See *Halbert v. Michigan*, - U.S. -, 125 S.Ct. 2582, 2586- 87, 162 L.Ed.2d 552 (2005); *Ross v. Moffit*, 417 U.S. 600, 611, 911 S.Ct. 2437, 481 L.Ed.2d 341 (1974); *McKane v. Durston*, 153 U.S. 684, 687, 14 S.Ct. 913, 38 L.Ed. 867 (1894). "There is no statutory right to counsel in [Ohio] Crim. R. 32.1 motions . . ." *State v. Meadows*, 2006 WL 1450643 at *2, 2006 -Ohio- 2622 (Ohio App. 6 Dist.), *appeal not allowed*, 111 Ohio St.3d 1415, 854 N.E.2d 1093 (Table 2006); *State v. McNeal*, 2004 WL 35762, 2004 - Ohio - 50 (Ohio App. 8 Dist.), *appeal not allowed*, 102 Ohio St.3d 1483, 810 N.E.2d 767 (Table 2004). "Ohio Courts have not yet granted greater rights than those in the federal constitution, and have generally held that there is no absolute right to appointed counsel in pursuing a postsentence motion to withdraw a guilty plea." *Id.* Thus, recent appellate state decisions acknowledge *State v. Bush*'s holding that Ohio Crim. R. 32.1 motions are part of the original criminal action and are not collateral proceedings, but refuse to find a right to counsel in those proceedings, and Ohio's Supreme Court has not interceded to amend this practice.

1:06 CV 1814                                             8

Phillips contends that these impediments were not removed until a witness, Torey McDuffie, came forward in October 2006 to state that the verbal statement he had given the police was inaccurately transcribed and "much of what I told the detectives is not in my [1995] statement."(Pet. Ex. McDuffie Aff. ¶4, ECF # 9). Phillips claims therefore he was misled because defense assured him that an investigation and review would be conducted of the witnesses' statements on file in the prosecutor's office. (Pet. Response p.5, ECF # 9).

Impediment to filing must be created by state action, and state action includes deficient performance by defense counsel.  See *Winkfield v. Bagley*, 66 Fed. Appx. 578, 582 (6th Cir. May 28, 2003), *cert. denied*, 540 US. 969 (2003); *Murray v. Carrier*, 477 U.S. 478, 489, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). "Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition."  *Dunker v. Bissonnette*, 154 F.Supp.2d 95, 105 (D. Mass. 2001); *Winkfield*, 66 Fed. Appx. at 583; *Colwell*, 79 Fed. Appx. at 93. The McDuffie affidavit, however, while attesting to inaccuracies in the 1995 transcription, reaffirms that Phillips shot Michael Nelson. (Aff. ¶7). Not only is there no causal connection- there is no connection whatsoever to an impediment to filing.

*Equitable Tolling:*

Respondent adds that he believes that Phillips is raising an argument for equitable tolling. Equitable tolling requires the Court to consider several factors in assessing the reasonableness of a petitioner's ignorance of the requirement of timely filing.  See *Dunlap v. U.S.*, 250 F.3d 1001,

1:06 CV 1814                                              9

1008 (6th Cir. 2001), *cert. denied*, 534 U.S. 1057 (92001); *Vroman v. Brigano*, 346 F.3d 598, 604-05 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), *cert. denied*, 125 S.Ct. 200 (2004). "[T]he doctrine of equitable tolling allows a federal court to toll a statute of limitations when, 'a litigant's failure to meet a legally-motivated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005), quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000).[4] Phillips, though, bears the burden of establishing entitlement. See *Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002); *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003); *Keenan*, 400 F.3d at 420.

Phillips has not shown: that he was unaware of §2244(d)'s limitation period; that his ignorance of the legal requirement to file his claim was reasonable; or that he was diligent in allowing years to lapse. See *Dixon v. Ohio*, 81 Fed. Appx. 851 (6th Cir. 2003) (petitioner's lack of counsel and 1 month placement in solitary confinement did not excuse lack of diligence in pursuing his claims); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), *cert. denied*, 538 U.S. 984 (2003) (inmate's lack of legal training, poor education and even illiteracy does not provide reason to toll the statute of limitations). Consequently, his claims do not excuse this untimely petition. Although respondent has not been prejudiced by the delay, "[a]bsence of prejudice is a

---

[4] In determining whether to allow equitable tolling, the Court must consider the *Andrews* factors: petitioner's lack of notice of the filing requirement; petitioner's lack of constructive knowledge of the filing requirement; diligence in pursuing one's rights; absence of prejudice to the Respondent and the petitioner's reasonableness in remaining ignorant of the legal requirements for filing his claim. *Dunlap*, 250 F.3d at 1008. However, "this list of factors is not necessarily comprehensive, and not all factors are relevant in all cases." *Vroman v. Brigano*, 346 F.3d at 605; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), *cert. denied*, 125 S.Ct. 200 (2004).

1:06 CV 1814                                                          10

factor to be considered only after a factor that might justify tolling is identified." *Vroman*, 346 F.3d at 605; *Allen*, 366 F.3d at 404.  Given that Phillips has not established any factor that might justify tolling, lack of prejudice is not a consideration.

Finally, however, there is the question of whether Phillips is an innocent.  The Sixth Circuit has determined in *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), as an issue of first impression, that a credible claim of actual innocence will equitably toll the §2244(d) limitations period. *Id.*, at 508-596.  None of Phillips' arguments, however, demonstrate actual innocence. Actual innocence means "factual innocence not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).  Phillips has not produced new evidence of innocence, and what he has produced confirms that he shot Michael Nelson.  See *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Accordingly, Phillips is not entitled to equitable tolling to excuse untimely filing.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons,  this petition filed under 28 U.S.C. §2254 should be dismissed due to untimeliness pursuant to 28 U.S.C. §2244(d).

                                                   s/James S. Gallas
                                                    United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the

1:06 CV 1814 11

specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: August 9, 2007