**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **MYRON PHILLIPS,** | ) | **CASE NO.  1:06 CV 1814** |
| Petitioner, | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| **JULIUS WILSON, WARDEN,** | ) | Magistrate Judge James S. Gallas |
| Respondent. | ) | <u>**MEMORANDUM OPINION**</u> |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge James S. Gallas.  The Report and Recommendation (Document #10) is ADOPTED by this Court and Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 (Document #1) is DENIED.

The procedural history of this case, as set forth by the Magistrate Judge, is as follows:

Myron Phillips, a state prisoner following his October 18, *1995* plea- bargained conviction for murder with firearm specification, has belatedly filed for federal habeas corpus under 28 U.S.C.§2254 seeking to overturn this conviction and sentence. Previously in the state courts, Phillips unsuccessfully endeavored to exercise delayed appeal under Ohio R. App. P. 5(A) (Resp. Ex. G).  The motion was denied initially but granted on reconsideration. (Resp. Ex. H. I). Phillips argued that he received ineffective assistance of trial counsel, that his plea was both unknowing and unintelligent, and, he raised related subarguments. These arguments were rejected and the conviction was affirmed on July 8, 1999. (See *State v. Phillips*, 1999 WL 475845 (Ohio App. Dist. July 8, 1999). Phillips waited nearly three months to appeal to the Ohio Supreme Court, and leave to file delayed appeal was denied on December 8, 1999. See *State v. Phillips*, 87 Ohio St.3d 1460, 720 N.E.2d 542 (Table 1999).

On March 20, 2000 Phillips filed an application to reopen his appeal under Ohio R. App. P. 26(B) alleging ineffective assistance of appellate counsel. This application was denied on November 13, 2000. See *State v. Phillips*, 2000 WL 1751847 (Ohio App. 8 Dist. Nov. 13, 2000). No appeal was taken to the Ohio Supreme Court.

Nearly five years later on August 15, 2005 Phillips returned to the state trial court with his Ohio Crim. R. 32.1 motion to withdraw his guilty plea. The motion to withdraw plea was denied by the trial court and on appeal (See Resp. Ex. T, U, V, W, X).

Report and Recommendation at pp. 1-2.

On July 27, 2006, Petitioner filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, raising two grounds for review:

1. Petitioner was denied effective assistance of counsel where his guilty plea was not knowingly, intelligently and voluntarily entered after counsel falsely informed him that no police reports or witnesses statements existed and when counsel threatened petitioner that they would not represent him in trial if continued to insist on his version of the events that led to his shooting and killing the victim.

2. Petitioner is actually innocent of the offense of murder and was denied effective assistance of counsel where his guilty plea was coerced.

On October 13, 2006, Respondent filed a Motion to Dismiss the Habeas Petition as Time Barred (Docket #8). Respondent argues that the Petition should be dismissed without a review on the merits on the basis that it is untimely. Specifically, Respondent argues that at the very latest, Petition had until February 12, 2002 to timely file his § 2254 Petition. As set forth above, the Petition was not filed until July 27, 2006 and, therefore, the 1-year period of limitation set forth in 28 U.S.C. § 2244(d)(1)(A) had lapsed.

On December 5, 2006, Petitioner filed his response to Respondent's Motion to Dismiss (Docket #9). Petitioner admits to significant delays between the time of his guilty plea and appeal

motion, and prior to filing his Petition. However, Petitioner argues that his "guilty plea was the result of being lied to and threatened by his attorneys." Petitioner claims that although he knew he was being lied to, there was no way to prove it until he received police reports in 2005 that he alleges establish that "he did not purposely cause the death of the victim. Therefore, he argues that his claims were not ripe until he received the police reports that he asserts "support his story and claim of innocence." Further, Petitioner continues to assert that he is innocent, and argues that in light of information in the police reports, "it is more likely than not that" that he would have plead not guilty and that no reasonable juror would have found him to be guilty beyond a reasonable doubt.

On August 9, 2007, the Magistrate Judge issued his Report and Recommendation. Based upon a thorough review of the record in this case and applicable case and statutory law, the Magistrate Judge recommends that the Petition be dismissed pursuant to 28 U.S.C. § 2244(d) as it is untimely. The Magistrate Judge found no causal connection between the state action, as alleged by Petitioner, and Petitioner's failure to file his Petition. Further, the Magistrate Judge found nothing to support an argument that the limitations period should be tolled. Finally, the Magistrate Judge noted that none of Petitioner's arguments demonstrate actual innocence. Petitioner has not produced new evidence of innocence and what has been produced confirms that he shot Michael Nelson.

Petitioner did not file any objections to the Report and Recommendation.

## STANDARD OF REVIEW FOR A MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are

made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo.* FED. R. CIV. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made.  The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges.  In regard to subsection (b) of Rule 72, the advisory committee stated:  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985):  "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."  Notwithstanding the foregoing, the Court has reviewed the Report and Recommendation of the instant case *de novo.  See Delgado v. Bowen*, 782 F.2d 79 (7th Cir. 1986).

## CONCLUSION

The Court has reviewed the Report and Recommendation and finds it to be well-reasoned and correct.  The Court agrees with, and adopts, the findings and conclusions of Magistrate Judge Gallas as

its own. The Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Gallas (Document #10) in its entirety. Respondent's Motion to Dismiss the Petition (Docket #8) is hereby GRANTED and Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 is hereby DISMISSED as it is untimely.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

                                          s/Donald C. Nugent
                                          DONALD C. NUGENT
                                          United States District Judge

DATED: September 25, 2007